■ In the Matter of DENISE DENOBILE, Respondent, v JOSEPH R. TENAGLIA, Appellant. [749 NYS2d 442] —In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of the Family Court, Suffolk County (Hudson, J.), entered December 5, 2001, which, after a hearing, granted the petition for an order of protection.

Ordered that the order is affirmed, without costs or disbursements.

There is no basis to disturb the Family Court's resolution of disputed issues of fact and credibility made after a hearing on the question of whether the husband committed a family offense (*see Matter of Campbell v Desir,* 251 AD2d 402; *Matter of Cutrone v Cutrone,* 225 AD2d 767).

The appellant's remaining contentions either are not properly before this Court or without merit. Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.

■ In the Matter of SILVIO DESILVA et al., Appellants, v TOWN OF BROOKHAVEN et al., Respondents. [749 NYS2d 730] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven, dated February 7, 2001, which denied their application for area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Catterson, J.), entered October 23, 2001, which granted the respondents' motion to dismiss the proceeding and denied their cross motion for an extension of time to serve the respondents pursuant to CPLR 306-b.

Ordered that the judgment is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petitioners' motion to extend the time in which to serve the respondents pursuant to CPLR 306-b in the interest of justice, despite the expiration of the statute of limitations. The record demonstrates a lack of diligence in effecting service and the failure to demonstrate the existence of a meritorious claim (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95, 105-106; *see Rihal v Kirchhoff,* 291 AD2d 548). Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.