■ CARLOS A. LIAROS, Respondent, v CITY OF NEW YORK et al., Defendants, and JOHN DOE, Appellant. [789 NYS2d 290]—

In an action to recover damages for personal injuries, Brooklyn Union Gas Company, sued herein as John Doe, ap-

peals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated January 30, 2004, as denied its motion pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The appellant demonstrated that the plaintiff failed to comply with CPLR 306-b as he did not attempt to effect service upon it until nearly 1¹/₂ years after the filing of the initial summons and amended verified complaint. Accordingly, the plaintiff was required to establish that he was entitled to an extension of time to effect service for good cause shown or in the interest of justice (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]). The plaintiff failed to satisfy either standard. In fact, the plaintiff did not seek to validate the late service until after the appellant moved to dismiss the complaint (*see Leadbeater v Beaubrun,* 299 AD2d 458, 459 [2002]).

Under these circumstances, the appellant was entitled to dismissal of the complaint insofar as asserted against it (*see Ludemann v Maisel,* 292 AD2d 428 [2002]; *Carbonaro v Maimonides Med. Ctr.,* 289 AD2d 437, 438 [2001]). H. Miller, J.P., Santucci, Spolzino and Skelos, JJ., concur.