■ DANIEL KAZIMIERSKI, Appellant, v NEW YORK UNIVERSITY et al., Respondents. [796 NYS2d 638]—

In an action to recover damages for employment discrimination, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered July 14, 2004, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) and denied his cross motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction and in denying the plaintiff's cross motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95 [2001]). The plaintiff failed to establish that he exercised reasonable diligence in attempting to effect proper service upon the defendants. The initial attempts at service were palpably improper and, even though the defendants moved to dismiss on that ground before the expiration of the 120-day statutory period, the plaintiff did not attempt to re-serve the defendants until the statutory period had expired (cf. Liaros v City of New York, 14 AD3d 662 [2005]; Leadbeater v Beaubrun, 299 AD2d 458 [2002]).

Moreover, in light of the relevant factors, including the plaintiff's lack of diligence, prejudice to the defendants, and the plaintiff's failure to establish that he had a meritorious claim, the plaintiff was not entitled to an extension in the interest of justice (see Leader v Maroney, Ponzini & Spencer, supra). Ritter, J.P., Goldstein, Luciano and Lifson, JJ., concur.