■ PAULA WILKINS, Appellant, v ALEXANDER BURGESS, Respondent. [807 NYS2d 574]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Carey, J.H.O.) dated March 9, 2005, which denied her cross motion to extend the time to serve the summons and complaint pursuant to CPLR 306-b.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]). The plaintiff failed to establish that good cause existed to extend the time for service. The Supreme Court determined after a hearing that service upon the defendant had not been established. Thus, there is no merit to the plaintiff's claim that she exercised reasonable diligence in serving the defendant and in relying upon the process server's affidavit. The description contained in the affidavit of the person served bore little or no resemblance to the defendant, with whom the plaintiff once lived.

The plaintiff also failed to establish her entitlement to an extension in the interest of justice. She demonstrated an extreme lack of diligence in timely commencing the action and prosecuting it thereafter (*see Slate v Schiavone Constr. Co.*, 4 NY3d 816 [2005]). Moreover, other relevant factors, such as the plaintiff's failure to establish that she had a meritorious claim, and the prejudice to the defendant if an extension were to be granted, demonstrate that the plaintiff is not entitled to an extension in the interest of justice (*see Kazimierski v New York Univ.*, 18 AD3d 820 [2005]). H. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.