MIRIAM COLON et al., Appellants, v DWAYNE BAILEY et al., Respondents. [810 NYS2d 511]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated August 11, 2004, as, in effect, held in abeyance the plaintiffs' cross motion pursuant to CPLR 306-b for an extension of the time to serve the defendants with process pending a hearing, (2) from a purported order of the same court dated

November 4, 2004, (3) from an order of the same court dated November 29, 2004 which granted the defendants' motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint and, in effect, denied the plaintiffs' cross motion pursuant to CPLR 306-b for an extension of the time to serve the defendants.

Ordered that the appeal from the order dated August 11, 2004 is dismissed, as that order was superseded by the order dated November 29, 2004; and it is further,

Ordered that the appeal from the purported order dated November 4, 2004 is dismissed (see CPLR 2219 [a]); and it is further,

Ordered that the order dated November 29, 2004 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (8). The plaintiffs opposed the motion and crossmoved for an extension to serve the defendants pursuant to CPLR 306-b. The court then ordered a hearing to determine the issues relating to service of process. The hearing, which was originally scheduled for September 23, 2004, was rescheduled for November 4, 2004. On that date, however, the plaintiffs failed to produce the process server, without explanation, other than to say that he was not available, and they did not otherwise ask to proceed at the hearing. Instead, they asked for an adjournment of approximately two weeks to produce the process server.

Under the circumstances of this case, where the plaintiffs did not show due diligence in producing the process server, the Supreme Court providently exercised its discretion in denying the request for an adjournment (see Matter of Kagno v Kagno, 296 AD2d 410 [2002]; Prudential Prop. & Cas. Ins. Co. v Holtzman, 135 AD2d 696, 697 [1987]; cf. Byrnes v Varlack, 17 AD3d 616 [2005]; Matter of Shepard, 286 AD2d 336, 337 [2001]; Cuevas v Cuevas, 110 AD2d 873, 877 [1985]). The plaintiffs' failure to proceed at the hearing precluded a finding that service was proper.

The Supreme Court also providently exercised its discretion in denying the plaintiffs' cross motion pursuant to CPLR 306-b for an extension of time to serve the defendants. The plaintiffs' failure to proceed at the hearing precluded a finding that the plaintiffs were diligent in attempting service so as to be entitled to an extension of the time to serve for good cause shown (see CPLR 306-b; Tarzy v Epstein, 8 AD3d 656 [2004]; Busler v Corbett, 259 AD2d 13 [1999]). Nor were the plaintiffs entitled to

an extension of time in the interest of justice. "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95, 105 [2001]). The plaintiffs' lack of diligence throughout the proceedings and their failure to establish that their claim was meritorious justified the court's denial of their cross motion for an extension of time in the interest of justice (*see Baione v Central Suffolk Hosp.,* 14 AD3d 635, 636-637 [2005]; *Winter v Irizarry,* 300 AD2d 472, 473 [2002]; *Matter of DeSilva v Town of Brookhaven,* 299 AD2d 409 [2002]).

Under all the circumstances, the defendants' motion to dismiss for lack of personal jurisdiction (*see* CPLR 3211 [a] [8]) was properly granted. Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.