(August 29, 2006)

■ EDLYN ALEXANDER, Respondent, v DAVE ALEXANDER, Appellant. [819 NYS2d 834]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Sunshine, J.), dated September 26, 2005, as, in effect, granted that branch of the plaintiff's motion which was for an extension of time to serve the summons and complaint pursuant to CPLR 306-b, and denied his cross motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was for an extension of time to serve the summons and complaint pursuant to CPLR 306-b is denied, the cross motion is granted, and the complaint is dismissed.

The plaintiff failed to serve the defendant in accordance with CPLR 306-b. Under the circumstances of this case, including the plaintiff's failure to proceed at a hearing to determine the validity of service of process, and the plaintiff's lack of diligence throughout the proceeding, it was an improvident exercise of the Supreme Court's discretion to, in effect, grant that branch of the plaintiff's motion which was for an extension of time to serve the summons and complaint pursuant to CPLR 306-b (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]; *Baione v Central Suffolk Hosp.,* 14 AD3d 635 [2005]; *Winter v Irizarry,* 300 AD2d 472 [2002]; *Matter of DeSilva v Town of Brookhaven,* 299 AD2d 409 [2002]). Accordingly, the defendant's

cross motion to dismiss the complaint for lack of personal jurisdiction should have been granted (*see* CPLR 3211 [a] [8]; *Colon v Bailey*, 26 AD3d 454 [2006]). Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.