■ JOEL MEUSA et al., Respondents, v BMW FINANCIAL SERVICES et al., Appellants, and MIKHAIL RAKHNAEV et al., Defendants. [821 NYS2d 108]—

In an action to recover damages for personal injuries, etc., the defendant BMW Financial Services appeals, and Wendel Ince and Claude Ince separately appeal, as limited by their respective briefs, from so much of an amended order of the Supreme Court, Kings County (Lewis, J.), dated November 18, 2005, as denied those branches of their respective motions which were, in effect, to vacate so much of a prior order of the same court dated December 10, 2004, as granted that branch of the plaintiffs' ex parte application pursuant to CPLR 306-b which was to extend the time to effect service of the summons and complaint upon them.

Ordered that the amended order dated November 18, 2005 is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs payable to the appellants appearing separately and filing separate briefs, those branches of the appellants' motions which were, in effect, to vacate so much of the order dated December 10, 2004, as granted the plaintiffs' ex parte application pursuant to CPLR 306-b to effect service of the summons and complaint upon the appellants are granted, and those portions of the order dated December 10, 2004 are vacated.

Contrary to the plaintiffs' contention, it is apparent that the motion of the defendant BMW Financial Services (hereinafter BMW), and the separate motion of the defendants Wendel Ince and Claude Ince (hereinafter the Inces), were, in effect, to vacate so much of the Supreme Court's prior order dated December 10, 2004, as granted the plaintiffs' ex parte application to effect service of process upon them (see Batson v Sussman, 5 AD3d 619 [2004]).

In light of, inter alia, the extreme lack of diligence shown by the plaintiffs, including the 2¹/₂-year delay between the filing of the complaint and their ex parte application to effect late service of process, the failure to tender any competent evidence substantiating the merits of their causes of action, and the lack of any explanation—other than a conclusory allegation of "law office failure"—for their failure to effect timely service, we agree with the appellants that the Supreme Court improvidently exercised its discretion in granting leave to effect late service of the summons and complaint (see Slate v Schiavone Constr. Co., 4 NY3d 816 [2005]; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]; Wilkins v Burgess, 25 AD3d 794 [2006]).

Accordingly, the complaint should have been dismissed insofar as asserted against BMW and the Inces (see Riccio v Ghulam, 29 AD3d 558 [2006]; CPLR 306-b).

The plaintiffs' remaining contentions are without merit.

Motion by the respondents to dismiss appeals from an amended order of the Supreme Court, Kings County, dated November 18, 2005. By decision and order on motion of this Court dated May 11, 2006, the motion was held in abeyance and was referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeals, it is

Ordered that the motion is denied. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.