■ Luis Ortiz, Respondent, v Shashi Malik et al., Appellants. [824 NYS2d 736]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), dated November 22, 2005, as granted that branch of the plaintiff's cross motion which was to extend the time for service of the summons and complaint pursuant to CPLR 306-b.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the plaintiff's cross motion which was to extend the time for service of the summons and complaint is denied.

The plaintiff exhibited an overall lack of diligence in prosecuting the action, failed to make any showing of merit, and failed to explain the prolonged delay between commencement of the action in July 2003 and the defendants' receipt of notice of the action in September 2004. The plaintiff displayed a continued lack of diligence by failing to produce the process server as a witness at the traverse hearing. While the statute of limitations expired within days of the commencement of the action, this is not a factor which should inure to the benefit of the

plaintiff under the particular facts of this case. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's cross motion which was to extend the time for service of the summons and complaint pursuant to CPLR 306-b (see *Slate v Schiavone Constr. Co.*, 4 NY3d 816 [2005]; *Meusa v BMW Fin. Servs.*, 32 AD3d 830 [2006]; *Alexander v Alexander*, 32 AD3d 524 [2006]; *Colon v Bailey*, 26 AD3d 454 [2006]; *Wilkins v Burgess*, 25 AD3d 794 [2006]). Florio, J.P., Goldstein, Lunn and Dillon, JJ., concur.