■ Timothy Shea, Respondent, v Bloomberg, L.P., et al., Defendants, and Unlimited Visibility, Inc., Appellant. [883 NYS2d 712]—In an action to recover damages for personal injuries, the defendant Unlimited Visibility, Inc., appeals (1) from an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 9, 2008, which denied that branch of its motion, in effect, pursuant to CPLR 3211 (a) (8) which was to dismiss the complaint insofar as asserted against it and granted the plaintiff's cross motion pursuant to CPLR 306-b to extend his

time to serve a summons and complaint, and (2), as limited by its brief, from so much of an order of the same court (Lewis, J.), dated October 10, 2008, as denied its motion pursuant to CPLR 503 (a) and 511 to change the venue of the action from Kings County to Orange County.

Ordered that the order dated April 9, 2008 is reversed, on the facts and in the exercise of discretion, that branch of the appellant's motion, in effect, pursuant to CPLR 3211 (a) (8) which was to dismiss the complaint insofar as asserted against it is granted, and the plaintiff's cross motion pursuant to CPLR 306-b to extend his time to serve the summons and complaint is denied; and it is further,

Ordered that the order dated October 10, 2008 is modified, on the law, by deleting the provision thereof denying the appellant's motion pursuant to CPLR 503 (a) and 511 to change the venue of the action from Kings County to Orange County, and substituting therefor a provision denying the motion as academic; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The Supreme Court improvidently exercised its discretion in denying that branch of the appellant's motion, in effect, pursuant to CPLR 3211 (a) (8) which was to dismiss the complaint insofar as asserted against it and in granting, in the interest of justice, the plaintiff's cross motion pursuant to CPLR 306-b to extend his time to serve the appellant (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95, 105 [2001]). The appellant established that it was not served with a summons and complaint. The plaintiff failed to use due diligence in serving the summons and complaint and did not seek an extension of time to serve until after a motion to dismiss was brought (*see Garcia v Simonovsky,* 62 AD3d 655, 656 [2009]; *Valentin v Zaltsman,* 39 AD3d 852 [2007]; *see generally Bumpus v New York City Tr. Auth.,* 66 AD3d 26 [2009]).

In light of our determination, the appellant's motion pursuant to CPLR 503 (a) and 511 to change the venue of the action from Kings County to Orange County must be denied as academic. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.