■ AURA VARON et al., Appellants, v MAIMONIDES MEDICAL CENTER, Respondent. [888 NYS2d 177]—

In an action to recover damages for medical malpractice and wrongful death, the plaintiffs appeal, (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated July 2, 2008, as denied their motion pursuant to CPLR 306-b to extend their time, nunc pro tunc, to serve the summons and complaint upon the defendant, and (2) from a judgment of the same court dated August 21, 2008, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion pursuant to CPLR 306-b to extend their time, nunc pro tunc, to serve the summons and complaint upon the defendant. The plaintiffs failed to establish that good cause existed to extend the time for service. Despite the expiration of the statute of limitations, the record demonstrates an extended delay in service, lack of diligence in effecting service, and the failure to promptly move for an extension (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]). Accordingly, the plaintiffs failed to establish good cause for an extension or

that the interests of justice would be served by an extension. Thus, the complaint was properly dismissed. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.