■ PETER REDMAN, Respondent, v SOUTH ISLAND ORTHOPAEDIC GROUP, P.C. et al., Appellants. [911 NYS2d 674]—

In an action to recover damages for medical malpractice, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered January 7, 2010, which denied their motion pursuant to CPLR 306-b to dismiss the complaint and granted the plaintiff's cross motion pursuant to CPLR 306-b to extend the time for service of the summons and complaint nunc pro tunc.

Ordered that the order is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 306-b to dismiss the complaint is granted and the plaintiff's cross motion pursuant to CPLR 306-b to extend the time for service of the summons and complaint nunc pro tunc is denied.

In opposition to the defendants' motion pursuant to CPLR

306-b to dismiss the complaint and in support of the plaintiff's cross motion pursuant to that statute to extend the time for service of the summons and complaint, the plaintiff was required to show either good cause for his failure to serve the defendants with the summons and complaint within 120 days after filing or that an extension of time to effect service should be granted in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104-107 [2001]; *Riccio v Ghulam*, 29 AD3d 558, 560 [2006]). The plaintiff failed to demonstrate good cause as the unsubstantiated excuse regarding the process server's failure to serve the defendants was insufficient (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 104-105; *Wilkins v Burgess*, 25 AD3d 794, 795 [2006]).

The plaintiff also failed to establish his entitlement to an extension of time for service of the summons and complaint in the interest of justice in view of the lack of diligence shown by the plaintiff (*see Slate v Schiavone Constr. Co.*, 4 NY3d 816 [2005]). The more than one-year delay between the time the summons and complaint were filed and the time the cross motion was made, the plaintiff's failure to cross-move until after the defendants moved to dismiss the complaint, the $2^{1}/_{2}$-month delay between the expiration of the statute of limitations and the defendants' receipt of notice of this action, and the prejudice to the defendants if an extension were to be granted, demonstrate that the plaintiff is not entitled to an extension in the interest of justice (*see Slate v Schiavone Constr. Co.*, 4 NY3d at 817; *Ambrosio v Simonovsky*, 62 AD3d 634 [2009]; *Riccio v Ghulam*, 29 AD3d at 560; *Wilkins v Burgess*, 25 AD3d at 795; *Liaros v City of New York*, 14 AD3d 662, 663 [2005]; *Leadbeater v Beaubrun*, 299 AD2d 458 [2002]; *Ludemann v Maisel*, 292 AD2d 428, 429 [2002]). Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.