■ WANDA CALLOWAY, Appellant, v NAKIA WELLS, Respondent. [912 NYS2d 440]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered July 2, 2009, as granted the defendant's motion pursuant to CPLR 3211 (a) (5) and (8) to dismiss the complaint and denied that branch of her cross motion which was, in effect, pursuant to CPLR 306-b to extend her time to serve the defendant with the summons and complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion which was, in effect, pursuant to CPLR 306-b to extend her time to serve the defendant with the summons and complaint (*see Leader v Maroney, Ponzini & Spen-*

*cer*, 97 NY2d 95, 105-106 [2001]). The plaintiff failed to demonstrate reasonable diligence in attempting service, which was necessary to establish good cause under CPLR 306-b (97 NY2d at 104-105; *Bumpus v New York City Tr. Auth.*, 66 AD3d 26 [2009]; *Valentin v Zaltsman*, 39 AD3d 852 [2007]; *Kazimierski v New York Univ.*, 18 AD3d 820 [2005]; *see also Wilkins v Burgess*, 25 AD3d 794 [2006]). Moreover, the plaintiff failed to establish that an extension of time was warranted in the interest of justice, since she exhibited a lack of diligence in commencing the action, as she waited until the statute of limitations had nearly expired (*see Ortiz v Malik*, 35 AD3d 560 [2006]). In addition, she did not seek an extension of time to serve the defendant until after a motion to dismiss had been brought by the defendant despite having been served with the defendant's answer, which raised the lack of personal jurisdiction as an affirmative defense (*see Varon v Maimonides Med. Ctr.*, 67 AD3d 779, 779-780 [2009]; *Shea v Bloomberg, L.P.*, 65 AD3d 579, 580 [2009]; *Garcia v Simonovsky*, 62 AD3d 655, 656 [2009]), and she failed to establish that she had a potentially meritorious cause of action (*see Garcia v Simonovsky*, 62 AD3d 655 [2009]; *Ortiz v Malik*, 35 AD3d 560 [2006]; *Wilkins v Burgess*, 25 AD3d 794 [2006]; *Kazimierski v New York Univ.*, 18 AD3d 820 [2005]).

In light of our determination, we need not reach the plaintiff's remaining contentions. Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.