ESTHER HOROWITZ, Respondent, v DORRIT COCH, Defendant, and LAURA McKENNA, Appellant. [917 NYS2d 894]—

The plaintiff commenced this action in February 2008 against Dr. Dorrit Coch, and Laura McKenna, a certified nurse-midwife

who was once employed by Coch. Although Coch was timely served with the summons and complaint, the process server learned, upon attempting service upon McKenna at Coch's office, that McKenna no longer worked there, and no further attempt was made to serve McKenna with the summons and complaint. In May 2009 the plaintiff moved, pursuant to CPLR 306-b, to extend the time to serve the summons and complaint upon McKenna. The motion was made on notice to Coch, but not on notice to McKenna. In an order dated May 21, 2009, the Supreme Court granted the plaintiff's unopposed motion. After McKenna was served with the summons and complaint, she moved to dismiss the complaint insofar as asserted against her pursuant to CPLR 306-b and 3211 (a) (5), to vacate the May 21, 2009, order, and, in effect, to deny the plaintiff's motion. The Supreme Court denied the motion. We reverse.

In light of, among other things, the plaintiff's lack of due diligence in attempting to serve McKenna within 120 days, the more than one-year delay between the commencement of the action and the plaintiff's motion to extend the time to serve McKenna, and the failure of the plaintiff to make a showing of merit, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to extend the time within which to serve McKenna and in denying McKenna's motion to dismiss the complaint insofar as asserted against her and vacate the order dated May 21, 2009 (*see Redman v South Is. Orthopaedic Group, P.C.*, 78 AD3d 1147, 1148 [2010]; *Braxton v McMillan*, 76 AD3d 607, 608 [2010]; *Meusa v BMW Fin. Servs.*, 32 AD3d 830, 831 [2006]). Dillon, J.P., Covello, Florio and Hall, JJ., concur.