■ Assol F. Khodeeva et al., Appellants, v Chi Chung Yip et al., Respondents. [922 NYS2d 807]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated April 21, 2010, which, upon a decision (D'Oca, R.) dated March 30, 2010, granted the defendants' motion to dismiss the complaint for lack of personal jurisdiction, and denied the plaintiffs' motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion to dismiss the complaint for lack of personal jurisdiction since, at a hearing to determine the validity of service of process, the plaintiffs failed to establish by a preponderance of evidence that service was proper (*see Deutsche Bank Natl. Trust Co. v Pestano*, 71 AD3d 1074, 1075 [2010]; *Forrester v Luisa*, 52 AD3d 324 [2008]; *see also De Zego v Donald F. Bruhn, M. D., P. C.*, 67 NY2d 875 [1986]).

The Supreme Court also providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 306-b for an extension of time to serve the summons and complaint (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95 [2001]). The plaintiffs failed to establish that good cause existed to extend

the time for service *(see Colon v Bailey,* 26 AD3d 454, 455 [2006]; *Wilkins v Burgess,* 25 AD3d 794 [2006]; *see also Ortiz v Malik,* 35 AD3d 560 [2006]; *Alexander v Alexander,* 32 AD3d 524 [2006]). The plaintiffs also failed to establish that an extension of time was warranted in the interest of justice since they "exhibited a lack of diligence in commencing the action . . . until the statute of limitations had nearly expired *(see Ortiz v Malik,* 35 AD3d 560 [2006]) . . . did not seek an extension of time to serve the defendant[s] until after a motion to dismiss had been brought by the defendant[s,] despite having been served with the defendant[s'] answer, which raised the lack of personal jurisdiction as an affirmative defense *(see Varon v Maimonides Med. Ctr.,* 67 AD3d 779, 779-780 [2009]; *Shea v Bloomberg, L.P.,* 65 AD3d 579, 580 [2009]; *Garcia v Simonovsky,* 62 AD3d 655, 656 [2009]), and . . . failed to establish [a] potentially meritorious cause of action *(see Garcia v Simonovsky,* 62 AD3d 655, 656 [2009]; *Ortiz v Malik,* 35 AD3d 560 [2006]; *Wilkins v Burgess,* 25 AD3d 794 [2006]; *Kazimierski v New York Univ.,* 18 AD3d 820 [2005])" *(Calloway v Wells,* 79 AD3d 786, 787 [2010]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.