■ GAYATRI BAHADUR, Individually and as Administratrix of the Estate of PHILLIP KEDARU, Deceased, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [930 NYS2d 631]—

Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion, inter alia, pursuant to CPLR 306-b, among other things, to extend her time to serve the summons and amended complaint on the defendants Superintendent Kenneth Pearlman, Acting Deputy Superintendent A. Labriola, and Lieutenant Gregory Lawrence, and properly granted that branch of the motion of the defendants Acting Deputy Superintendent A. Labriola, Lieutenant Gregory Lawrence, Correction Officer Masca, and Correction Officer Sergeant Tamori (hereinafter collectively the defendants) which was pursuant to CPLR 306-b, in effect, to dismiss the amended complaint insofar as asserted against Labriola and Lawrence (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]). It is undisputed that the plaintiff failed to demonstrate reasonable diligence in attempting service, which was necessary to establish good cause under CPLR 306-b (id. at 104-105; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 36 [2009]). Moreover, the plaintiff failed to establish that an extension of time was warranted in the interest of justice, since she exhibited an extreme lack of diligence in attempting to effect service, made only a single unsuccessful effort to effect service two days prior to the expiration of the 120-day period of CPLR 306-b, failed to seek an extension of time until nearly two months after the defendants had moved to dismiss for lack of timely service, and did not make any additional showing beyond her attorney-verified amended complaint in support of the merits of her causes of action (see Khodeeva v Chi Chung Yip, 84 AD3d 1030 [2011]; Calloway v Wells, 79 AD3d 786, 787 [2010]; Varon v Maimonides Med. Ctr., 67 AD3d 779, 779-780 [2009]; Shea v Bloomberg, L.P., 65 AD3d 579, 580 [2009]; Valentin v Zaltsman, 39 AD3d 852 [2007]; Ortiz v Malik, 35 AD3d 560 [2006]).

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (2) to dismiss the causes of action to recover damages for wrongful death under New York State law (see EPTL 5-4.1) insofar as asserted against the defendants Correction Officer Masca and Correction Officer Sergeant Tamori. Pursuant to Correction Law § 24, any claim against an officer of the Department of Correctional Services "arising out of any act done or the failure

to perform any act within the scope of the employment and in the discharge of the duties" of said officer "shall be brought and maintained in the court of claims as a claim against the state" (Correction Law § 24 [1], [2]). The plaintiff's contention that the causes of action to recover damages for wrongful death under New York State law should be deemed an extension of her federal claims, inter alia, pursuant to 42 USC § 1983 and, therefore, protected from dismissal under the Supremacy Clause of the United States Constitution, is without merit (cf. *Haywood v Drown*, 556 US —, 129 S Ct 2108 [2009]). Angiolillo, J.P., Hall, Austin and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32221(U).]**