Zerbi v Botwinick (2018 NY Slip Op 04376)





Zerbi v Botwinick


2018 NY Slip Op 04376


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-09985
 (Index No. 701675/15)

[*1]Erika Zerbi, et al., appellants, 
v
Nelson Botwinick, etc., et al., respondents.


Coiro, Wardi, Chinitz & Silverstein, Bronx, NY (Michael A. Chinitz of counsel), for appellants.
Koster, Brady & Nagler, LLP, New York, NY (Meredith B. Borg and Louis A. Badolato of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue), entered August 16, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Nelson Botwinick for lack of personal jurisdiction, and denied the plaintiffs' cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Nelson Botwinick.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this medical malpractice action on February 23, 2015, by filing a summons with notice. They purported to effect service upon both defendants on June 17, 2015. It is undisputed that service was never effected upon the defendant Nelson Botwinick, and he did not actually learn of the action until November 2, 2015, when someone with the defendant Seaport Orthopaedic Associates forwarded certain documents to him. The defendants moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Botwinick for lack of personal jurisdiction. The plaintiffs cross-moved pursuant to CPLR 306-b to extend the time for service upon Botwinick. In the order appealed from, the Supreme Court granted that branch of the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
Since the plaintiffs undisputedly failed to serve Botwinick with the summons with notice within 120 days of its filing, they were required to show either good cause for their failure to serve him within the statutory time or that an extension of time to effect service should be granted in the interest of justice (see CPLR 306-b; Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104). The plaintiffs failed to establish that they exercised reasonably diligent efforts in attempting to effect proper service on Botwinick and, therefore, failed to demonstrate good cause (see Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 788; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 607; Moundrakis v Dellis, 96 AD3d 1026, 1027; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31-32; Kazimierski v New York Univ., 18 AD3d 820). The plaintiffs also failed to establish that an extension of time was warranted in the interest of justice. The plaintiffs exhibited a lack of diligence [*2]in attempting to effect proper service, failed to seek an extension of time until after the defendants' motion was made, did not rebut the evidence that Botwinick did not learn of the action until eight months after the statute of limitations had run, and failed to demonstrate a potentially meritorious cause of action (see Slate v Schiavone Constr. Co., 4 NY3d 816, 817; Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; Krasa v Dial 7 Car & Limousine Serv., Inc., 147 AD3d 744, 745; Navarrete v Metro PCS, 137 AD3d 1230, 1231; Wilbyfont v New York Presbyt. Hosp., 131 AD3d at 607; Bahadur v New York State Dept. of Correctional Servs., 88 AD3d 629, 630; Redman v South Is. Orthopaedic Group., P.C., 78 AD3d 1147, 1148; Garcia v Simonovsky, 62 AD3d 655, 656). Accordingly, we agree with the Supreme Court's determination to deny the plaintiffs' cross motion and to grant that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Botwinick.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court