Encarnacion v Ogunro (2018 NY Slip Op 04698)





Encarnacion v Ogunro


2018 NY Slip Op 04698


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-10763
 (Index No. 1987/10)

[*1]Madeline Encarnacion, respondent, 
v
Charles Ogunro, appellant.


Rubin, Fiorella & Friedman, LLP, New York, NY (Dawn K. Shwartz and Leila Cardo of counsel), for appellant.
Rimland & Associates (Michael H. Zhu, P.C., New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated September 7, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant is denied.
On April 6, 2009, the plaintiff allegedly was injured when she tripped and fell on a defective walkway on premises owned by the defendant in Brooklyn. On or about January 2010, the plaintiff filed a summons and complaint against the defendant to recover damages for personal injuries. In February 2010 the plaintiff purportedly served the defendant pursuant to CPLR 308(4) by affixing the summons and complaint to the main entrance door of his "last known residence . . . within the state" and by mailing the process to the same address. When the defendant failed to appear or answer, the plaintiff moved for leave to enter a default judgment and, after an inquest on the issue of damages, a judgment dated December 8, 2014, was entered in favor of the plaintiff and against the defendant in the principal sum of $1,250,000. By order to show cause dated October 8, 2015, the defendant moved to vacate the default judgment based on lack of personal jurisdiction and to dismiss the complaint. By notice of cross motion dated June 17, 2016, the plaintiff cross-moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the [*2]defendant. By order dated September 7, 2016, the Supreme Court, inter alia, granted that branch of the defendant's motion which was to vacate the default judgment and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant in the interest of justice. The defendant appeals from so much of the order as granted that branch of the plaintiff's cross motion.
In support of that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time for service of the summons and complaint, the plaintiff was required to show either good cause for her failure to serve the defendant with the summons and complaint within 120 days after their filing or that an extension of time to effect service should be granted in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-107; Riccio v Ghulam, 29 AD3d 558, 560). The plaintiff failed to demonstrate good cause. The attempt to serve the defendant pursuant to CPLR 308(4) was ineffective as a matter of law because the place where process was affixed was not the defendant's "actual place of business, dwelling place or usual place of abode" (CPLR 308[4]; see Feinstein v Bergner, 48 NY2d 234, 239-241; Wishni v Taylor, 75 AD3d 747, 748; Lombay v Padilla, 70 AD3d 1010, 1012; Kalamadeen v Singh, 63 AD3d 1007, 1008; Kazimierski v New York Univ., 18 AD3d 820; Annis v Long, 298 AD2d 340, 341).
The plaintiff also failed to establish her entitlement to an extension of time for service of the summons and complaint in the interest of justice in view of the extreme lack of diligence in attempting to effect service, the more than six-year delay between the filing of the summons and complaint and the time the cross motion was made, the plaintiff's failure to move for an extension of time until more than eight months after the defendant moved to vacate the default judgment, the four-year delay between the expiration of the statute of limitations and the defendant's receipt of notice of this action, and the inference of substantial prejudice due to the lack of notice of the plaintiff's causes of action until more than six years after their accrual (see Slate v Schiavone Constr. Co., 4 NY3d 816, 817; Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106, 107; Bahadur v New York State Dept. of Correctional Servs., 88 AD3d 629, 630; Redman v South Is. Orthopaedic Group, P.C., 78 AD3d 1147, 1148; Varon v Maimonides Med. Ctr., 67 AD3d 779).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's cross motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court