Rodriguez v Consolidated Edison Co. of N.Y., Inc. (2018 NY Slip Op 05214)





Rodriguez v Consolidated Edison Co. of N.Y., Inc.


2018 NY Slip Op 05214


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-11658
 (Index No. 66064/15)

[*1]Josefa Rodriguez, appellant, 
v
Consolidated Edison Company of New York, Inc., respondent, et al., defendants.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Nadine Rivellese, New York, NY (Stephen T. Brewi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated September 13, 2016. The order denied the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Consolidated Edison Company of New York and to deem the summons and complaint timely served nunc pro tunc, and granted that defendant's cross motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction and for failure to timely serve a summons and complaint pursuant to CPLR 306-b.
ORDERED that the order is affirmed, with costs.
On October 9, 2012, the plaintiff allegedly was injured when she tripped and fell on a portion of a roadway that had been under construction at an intersection in Yonkers. On September 29, 2015, the plaintiff commenced this action. On November 12, 2015, the plaintiff's process server attempted to serve the defendant Consolidated Edison Company of New York (hereinafter the defendant) in Valhalla, but the process server was told that legal papers were not accepted at that location and to serve the summons and complaint at the defendant's location in New York City. On April 5, 2016, the plaintiff's process server served the defendant at its location in New York City.
By notice of motion dated April 5, 2016, the plaintiff moved pursuant to CPLR 306-b
to extend the time to serve the defendant and to deem the summons and complaint served on April 5, 2016, to have been timely served nunc pro tunc. The plaintiff's attorney affirmed that his office had mistakenly failed to note that service had not been accepted by the defendant on November 12, 2015. The defendant cross-moved, pursuant to CPLR 3211(a)(8), to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction and for failure to serve the summons and complaint within 120 days after filing pursuant to CPLR 306-b. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying the plaintiff's motion for an extension of time and in granting the defendant's cross motion to dismiss the complaint insofar as asserted against it. To establish that she was entitled to an extension of time to effect service upon the defendant, the plaintiff was required to show either good cause for failing [*2]to timely serve the defendant or that an extension of time should be granted in the interest of justice (see CPLR 306-b; Riccio v Ghulam, 29 AD3d 558, 560). The plaintiff failed to demonstrate that she was entitled to an extension of time to serve the defendant for good cause, as she failed to establish that she exercised reasonably diligent efforts in attempting to effect proper service (see Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 709; Calloway v Wells, 79 AD3d 786, 787). The plaintiff failed to make any further attempts to serve the defendant after her first attempt was unsuccessful (see Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d at 709; Kazimierski v New York Univ., 18 AD3d 820). The plaintiff's attorney's mistake in failing to note that the defendant had not been served on November 12, 2015, amounts to law office failure, which does not constitute "good cause" (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105).
Furthermore, the plaintiff failed to establish her entitlement to an extension of time for service in the interest of justice, given the lack of diligence in commencing the action, which was not commenced until 10 days before the statute of limitations expired; the lack of diligence in effecting service; the more than 6-month delay between the time the summons and complaint were filed and the time the plaintiff's motion for an extension was made; the more than 5½-month delay between the expiration of the statute of limitations and the defendant's receipt of notice of the action; the more than 2-month delay between the expiration of the 120-day period set forth in CPLR 306-b and the defendant's receipt of notice of the action; and the lack of an excuse, other than law office failure, for the failure to effect timely service (see Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d at 709; Umana v Sofola, 149 AD3d 1138, 1140; Navarrete v Metro PCS, 137 AD3d 1230, 1231; Bahadur v New York State Dept. of Correctional Servs., 88 AD3d 629, 630; Khodeeva v Chi Chung Yip, 84 AD3d 1030, 1031; Varon v Maimonides Med. Ctr., 67 AD3d 779; American Tel. & Tel. Co. v. Schnabel Found. Co., 38 AD3d 580; Meusa v BMW Fin. Servs., 32 AD3d 830, 831).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court