Wells Fargo Bank, N.A. v Longmire (2025 NY Slip Op 05843)

Wells Fargo Bank, N.A. v Longmire

2025 NY Slip Op 05843

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-08714
 (Index No. 602162/20)

[*1]Wells Fargo Bank, National Association, etc., appellant, 
v
Theresa Longmire, etc., respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Evan N. Soyer and Schuyler B. Kraus of counsel), for appellant.
Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated June 15, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Marcie Rowdy.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2020, the plaintiff commenced this action against, among others, the defendant Marcie Rowdy (hereinafter the defendant) to foreclose a mortgage encumbering certain real property located in Westbury. After failing to make any attempt of service on the defendant, in February 2023, the plaintiff moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant. In an order dated June 15, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time to effect service for 'good cause shown' or 'in the interest of justice'" (BAC Home Loans Servicing, L.P. v Tessler, 208 AD3d 619, 621, quoting CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104). "To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service" (Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012, 1014). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to [the] defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106).
Here, the plaintiff failed to demonstrate reasonable diligence in attempting service upon the defendant, and, therefore, it was not entitled to an extension for good cause (see Wells Fargo Bank, N.A. v Fameux, 201 AD3d at 1014; Krasa v Dial 7 Car & Limousine Serv., Inc., 147 AD3d 744, 745). Furthermore, the plaintiff failed to establish entitlement to an extension of time [*2]in the interest of justice (see BAC Home Loans Servicing, L.P. v Tessler, 208 AD3d at 621; Horowitz v Coch, 82 AD3d 707, 708). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant.
The plaintiff's remaining contention is without merit.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court