OPINION OF THE COURT
Alfred M. Lama, J.
This matter arises from a foreclosure action commenced by plaintiff. Now before the court is a motion by the defendant trust to, inter alla, dismiss the action for lack of jurisdiction, claiming a failure to properly serve the trust.
The matter was set down for a traverse hearing which was held on April 22, 1994. The process server, Victoria Vinceslio, testified on behalf of the plaintiff, and Walter Eidelkind testified on behalf of the defendant trust. The facts that developed were as follows:
The trust was established by Judith Eidelkind for the benefit of some of her children. The trust manages property. There are three trustees, one of whom is Laurie Altman— Walter Eidelkind’s daughter. However, neither Walter nor Judith Eidelkind are trustees. Walter Eidelkind’s relation to the trust is that of accountant. He further testified that he did some business for the trust out of his office and kept some files at 63 Old Brook Road. The business address for the trust is listed as 63 Old Brook Road, Dix Hills, in both the business certificate and deed entered into evidence.
Ms. Vinceslio testified that on July 2, 1992, she attempted to serve the defendant trust at 63 Old Brook Road in Dix Hills. She asked for Judith Eidelkind, and the man who answered the door responded, "that’s my wife.” She also testified that she knew, from previous services on him, that he was Walter Eidelkind. She then left the summons and complaint with him, and followed up with a mailing. The court must determine whether such service constitutes proper service upon the trust.
The CPLR is silent on the method of serving a trust. However, such silence is not to be taken to mean that there is no method for serving a trust or that a trust is incapable of being served. Such an interpretation would yield absurd results, denying to plaintiffs the right and ability to recover injuries caused by a trust. Fortunately, in an action to foreclose a mortgage, the Legislature has provided guidance on *885 the issue of whether a trust can be served (see, RPAPL 1312 [1]).
RPAPL 1312 (1), entitled "[Representative defendants”, provides in essence that, in a mortgage foreclosure action, the trustees of a trust who shall have duly qualified shall be made parties defendant and shall represent all beneficiaries or remaindermen without naming such beneficiaries or remaindermen as parties defendant (RPAPL 1312 [1]). The statute further provides that "[s]ervice of the summons and complaint upon any one of such duly qualified trustees shall be sufficient service upon the trust estate and upon all [beneficiaries and remaindermen]” (RPAPL 1312 [1]). However, the statute stops here, and does not specify what methods may be used in serving one of the duly qualified trustees. Therefore, in order to carry out the clear legislative intent that a trustee be served, the court must determine whether the claimed method of service is permissible.
In the matter at hand, the plaintiff contends that the trustee, under this section, may be, and in fact has been, served in the manner provided by law for service of a summons on a natural person (see, CPLR 308). In determining the validity of this contention, the court must decide whether a trustee is included within the phrase "natural person” under CPLR 308. Any such determination requires an understanding of what a trustee is.
A trustee is a person who holds property in trust for the benefit of another and acts in a representative capacity for the benefit of that beneficiary (Black’s Law Dictionary 1514 [6th ed 1990]). Any number of types of "persons” may hold the position of trustee, such as: an individual, a government, or a corporation (Restatement [Second] of Trusts §§ 89-98). It has been held that a person in his representative capacity is, in contemplation of law, a distinct person from the individual; however, this distinction is made only to assess the binding effect which a prior judgment, made against a person in one capacity, may have on the same person being sued subsequently in the other capacity (Leonard v Pierce, 182 NY 431, 432 [1905] [stating that a judgment against a person in his official or representative capacity does not preclude the same person in a subsequent suit brought against him individually from challenging those findings]). This distinction need not be made when determining the method of service necessary to gain jurisdiction over the person in one capacity versus another (see, Boyd v United States Mtge. & Trust Co., 187 NY *886 262, 272 [1907] [noting that when a particular person has been served with process, the court has acquired jurisdiction over that person and may continue to exercise that jurisdiction over him in any capacity; any change in the capacity in which the person is being sued can be made by a timely and proper amendment]).
Accordingly, a trustee, although acting in a representative capacity, may be properly served pursuant to the respective method provided for in the CPLR, depending on who or what holds the position of trustee. Since service upon a natural person under CPLR 308 refers to the service of process on an individual (City of New York v Chemical Bank, 122 Misc 2d 104 [Sup Ct, NY County 1983]), if an individual holds the position of trustee, the trustee may be served pursuant to CPLR 308. This conclusion is consistent with the purpose of service of process: i.e., to "notiffy] the defendant that the action is pending, fairly apprise[ ] him, in general terms, of its object, and tell[ ] him when, where, and how he should respond” (supra, at 105-106). It would make little sense not to follow the methods of service determined by the Legislature to be most likely to give notice to a respective defendant.
The court finds that the defendant’s contention, that SCPA 307 should be applied by analogy, is without force. Essentially, that section provides that a person may be served pursuant to a court-ordered direction; however, such service shall only be ordered on a natural person after plaintiff has shown that, with due diligence, personal delivery cannot be effected, or where for good cause shown, would be impracticable (SCPA 307 [1], [2]). The instant action is being brought in Supreme Court, not the Surrogate’s Court. Hence, the provisions of the CPLR should be applied whenever possible (see, CPLR 101 and Practice Commentaries therein). Parenthetically, SCPA 307 (2), by its terms, only provides support for the conclusion that service on an individual trustee may be accomplished pursuant to the methods available by law for service on a natural person.
For these reasons, this court holds that service under RPAPL 1312 may be accomplished according to the provisions of CPLR 308 when in fact the position of trustee is held by an individual.
CPLR 308 (2) allows service to be accomplished by delivery of the summons "to a person of suitable age and discretion at the actual place of business * * * of the person to be served” *887 in combination with a first class mailing of the summons "to the person to be served at * * * her actual place of business” (CPLR 308 [2]). A person of "suitable age and discretion” must objectively be of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant (City of New York v Chemical Bank, supra, at 108).
In the matter at hand, the service conformed with CPLR 308 (2). Service was made upon the father of one of the trustees (who is also the trust’s accountant) at the trust’s place of business (which, with regard to the trust, presumably is the trustee’s place of business as well). Service on a person with such a relationship to the defendant is sufficient to satisfy the "suitable age and discretion” requirement (CPLR 308 [2]). In addition, there was a proper mailing to the trustee’s actual place of business.
Having found that service was proper, the court denies the motion by defendant Eidelkind Trust to vacate all proceedings and dismiss the action against it.