■ MLG CAPITAL ASSETS, L. L. C., Respondent, v JUDITH EIDELKIND TRUST et al., Appellants, et al., Defendants. [725 NYS2d 664] —In an action to foreclose a mortgage, the defendant Judith Eidelkind Trust appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated October 2, 2000, which, after a hearing, denied its motion pursuant to CPLR 3211 (a) (8) and (10) to dismiss the complaint, and the defendants Judith Eidelkind and Walter Eidelkind appeal from the same order.

Ordered that the appeal of the defendants Judith Eidelkind and Walter Eidelkind is dismissed as those defendants are not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff, the assignee of a mortgage under which the defendants Walter Eidelkind and Judith Eidelkind defaulted, commenced a foreclosure action naming as a defendant, among

others, the Judith Eidelkind Trust (hereinafter the Trust), which has an interest in the real property which secures the mortgage. On May 29, 1999, the plaintiff attempted to serve the summons and complaint upon several of the defendants, including the Trust, at the residence of Walter Eidelkind and Judith Eidelkind, in Dix Hills, New York. The person who accepted service identified himself as "Fred Goldberg," and, according to the affidavit of service, was a white male between 55 and 65 years old, with grayish hair, between 5'6" and 5'9" tall, and weighing between 130 and 151 pounds. Employing a different process server thereafter, the plaintiff attempted to re-serve the defendants at the same address. On this occasion, the man who accepted service identified himself as Walter Eidelkind, one of the mortgagors, and a named defendant.

The Trust moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of proper service and pursuant to CPLR 3211 (a) (10) because the Supreme Court should not proceed in the absence of necessary parties. The Trust claimed that the trustees of the Trust had not been named as defendants and that substitute service upon a party who was not a trustee constituted defective service. The Supreme Court conducted a hearing at which the plaintiff presented the testimony of the two process servers. As a result of that testimony, the Supreme Court concluded that the person who called himself Fred Goldberg, and the person who accepted service on the second occasion, Walter Eidelkind, were the same person. Since the Supreme Court in an unrelated prior action had determined that service upon Walter Eidelkind, as the father of one of the trustees of the Trust and the Trust's accountant, was adequate service upon the Trust (*see, Citibank v Kollen,* 162 Misc 2d 883), the Supreme Court in this case denied the Trust's motion to dismiss on the basis that service was proper, without specifically addressing the question of whether the trustees must be named in the action.

Contrary to the Trust's contention, the plaintiff sustained its burden of offering sufficient evidence to prove by a preponderance of the evidence at the hearing that Fred Goldberg and Walter Eidelkind were the same person (*see,* CPLR 4520; *De Zego v Donald F. Bruhn, M.D., P. C.,* 67 NY2d 875, 877; *Frankel v Schilling,* 149 AD2d 657, 659). In light of the Trust's failure to offer evidence to the contrary, the Supreme Court properly concluded that service of process was, in fact, made upon Walter Eidelkind despite his attempt to circumvent proper service by means of an alias. As the Supreme Court noted, service upon the Trust by virtue of service upon Walter

Eidelkind, as the Trust's accountant and the father of one of the trustees, was proper substitute service pursuant to CPLR 308 (2) (*see, Citibank v Kollen, supra*). Accordingly, the Supreme Court did not err in denying the motion to dismiss since service of process was proper.

Real Property Actions and Proceedings Law requires that in a foreclosure action the trustees of an express trust must be named as defendants in the action (*see,* RPAPL 1311, 1312 [1]). Service upon one trustee constitutes adequate service upon the Trust and all its beneficiaries (*see,* RPAPL 1312 [1]). Since, in the present case, none of the trustees were named in the action, the Supreme Court erred to the extent that it did not determine that the trustees must be named as defendants. In the case of nonjoinder, however, parties may be added at any stage of the action by leave of court or by stipulation of all parties who have appeared (*see,* CPLR 1003). Accordingly, the plaintiff may move pursuant to CPLR 1003 for leave to file an amended summons and complaint which names as defendants the trustees of the Trust.

The Trust's remaining contentions are without merit. S. Miller, J. P., McGinity, Luciano and Cozier, JJ., concur.