■ GRACE RICCIO, Respondent, v TAHIR GHULAM et al., Respondents, WILLIAM G. FARRELL et al., Appellants, et al., Defendants. [815 NYS2d 125]—

In an action to recover damages for personal injuries, the defendants William G. Farrell, Beckmon Coultier, Inc., and Gelco Corp., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated July 5, 2005, as denied their motion to dismiss the complaint and all cross claims insofar as asserted against them pursuant to CPLR 3211 (a) (5) and granted the plaintiff's cross motion to extend her time to effect service of the summons and complaint upon them pursuant to CPLR 306-b.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the cross motion is denied, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On January 3, 2001 the plaintiff was a passenger in a cab which was the second car in a four-car chain reaction rear end collision on the Gowanus Expressway in Brooklyn. The fourth car in that chain was driven by the defendant William G. Farrell and owned by the defendant Gelco Corp. (hereinafter Gelco).

By letter dated May 29, 2003, the plaintiff's former attorney informed Gelco of the involvement of Farrell (who counsel alleged was Gelco's driver) in the accident. It appears that Gelco then forwarded that letter to the defendant Beckmon Coulter, Inc. (hereinafter Beckmon).

Thereafter, by summons and complaint filed December 29, 2003, the plaintiff commenced this action against the alleged drivers and owners of the other three cars involved in this accident, as well as the appellants, Farrell, Beckmon, and Gelco (hereinafter collectively the appellants). It appears that four of the defendants were served with a copy of the summons and complaint before the expiration of the 120-day period provided for by CPLR 306-b. However, the plaintiff does not allege that she served or even attempted to serve any of the appellants or two other defendants.

Thereafter, the appellants moved to dismiss the complaint and all cross claims insofar as asserted against them, contending that the Supreme Court did not have personal jurisdiction over them as they had never been served and the applicable statute of limitations had expired. The plaintiff opposed the motion and cross-moved to extend her time to serve the appellants. Several of the defendants also opposed the appellants' motion on the ground that they had cross claims against the appellants. The Supreme Court, inter alia, denied the appellants' motion and granted the plaintiff's cross motion. We reverse.

It is undisputed that the plaintiff failed to comply with CPLR

306-b as she failed to effect service upon the appellants within the 120-day period allowed by that statute. Thus, in order to establish that she was entitled to an extension of time to effect such service, the plaintiff was required to show either good cause for failing to timely serve the appellants or that an extension of time should be granted in the interest of justice (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95, 104-107 [2001]). The proof she submitted showed neither.

It is undisputed that the plaintiff failed to show diligence in that she did not allege that she attempted to serve any of the appellants. Thus no good cause was shown (*id.* at 105).

The plaintiff's proof was also insufficient to show that the interest of justice required that she be granted an extension of time to serve the appellants. The proof she submitted failed to show why she believed that all of the defendants had been served. It also failed to show that she took any action to ensure that the appellants were timely served. The plaintiff also failed to seek an extension of time to serve the appellants until after their motion to dismiss was made. The plaintiff's conclusory assertion that she could not obtain replacement counsel immediately was insufficient to explain her failure to timely commence this action against the appellants or for the long delay in seeking leave for an extension of time to serve them. Thus, the plaintiff's proof was insufficient to show that the interest of justice warranted the granting of an extension of time to serve the appellants (*see Slate v Schiavone Constr. Co.,* 4 NY3d 816 [2005]; *Leader v Maroney, Ponzini & Spencer, supra* at 104-107; *Smith v Southside Hosp.,* 15 AD3d 387 [2005]; *Leadbeater v Beaubrun,* 299 AD2d 458 [2002]).

The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic in light of this determination. Florio, J.P., Skelos, Fisher and Lunn, JJ., concur.