Margaret Valentin et al., Respondents, v Zinoviy Zalts-man et al., Appellants. [835 NYS2d 298]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Ruditzky, J.), dated May 17, 2006, which, in effect, denied their motion, in effect, pursuant to CPLR 306-b to dismiss the complaint, and granted the plaintiffs' cross motion pursuant to CPLR 306-b to extend their time to serve the defendants with process.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the defendants' motion, in effect, pursuant to CPLR 306-b to dismiss the complaint is granted, and the plaintiffs' cross motion pursuant to CPLR 306-b to extend their time to serve the defendants with process is denied.

The plaintiffs acknowledge that no attempt to serve the defendants was made within the 120-day period after the filing of the summons and complaint. This fact, in and of itself, establishes that no good cause was shown for an extension of time pursuant to CPLR 306-b to serve the defendants with process (*see Riccio v Ghulam*, 29 AD3d 558, 560 [2006]).

An extension of time pursuant to CPLR 306-b may be granted in the interest of justice without a showing of "reasonably diligent efforts at service as a threshold matter" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). However, in this case, the plaintiffs, as part of a pattern of an extreme lack of diligence, and without any justification, failed to move for an extension of time until after the defendants raised the defense of untimely service (*see Riccio v Ghulam, supra* at 560). Under all of the circumstances of this case, granting the plaintiffs an extension of time pursuant to CPLR 306-b was an improvident exercise of discretion. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.