■ YANIRA UMANA, as Administrator of the Estate of KIMBERLY T. UMANA, Deceased, et al., Respondents, v ADEOLA SOFOLA, M.D., et al., Defendants, and NYACK HOSPITAL, Appellant. [53 NYS3d 343]—

In an action, inter alia, to recover damages for wrongful death, the defendant Nyack Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), dated October 5, 2015, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (8) and 306-b to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, and granted that branch of the plaintiffs' cross application which was pursuant to CPLR

306-b to extend the time to serve the summons and complaint upon it.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted that branch of the plaintiffs' cross application which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Nyack Hospital is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Nyack Hospital which was pursuant to CPLR 3211 (a) (8) and 306-b to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction is granted, and that branch of the plaintiffs' cross application which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon the defendant Nyack Hospital is denied.

The branch of the motion of the defendant Nyack Hospital (hereinafter the defendant) which was pursuant to CPLR 3211 (a) (8) and 306-b to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction should have been granted, since it is undisputed that service upon the defendant was not made within 120 days after the filing of the summons and complaint (*see* CPLR 306-b; *Brown v Sanders*, 142 AD3d 940 [2016]).

The branch of the plaintiffs' cross application which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint on the defendant should have been denied. The plaintiffs were required to show either good cause for their failure to serve the defendant with the summons and complaint within 120 days after the filing or that an extension of time to effect service should be granted in the interest of justice (*see* *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104-107 [2001]). The plaintiffs failed to show good cause, since their proof was insufficient to substantiate their attorney's claim that the process server had attempted to serve the defendant within 120 days after the filing of the summons and complaint (*see* *Ambrosio v Simonovsky*, 62 AD3d 634 [2009]; *Valentin v Zaltsman*, 39 AD3d 852 [2007]; *Riccio v Ghulam*, 29 AD3d 558, 560 [2006]).

Furthermore, the plaintiffs failed to establish their entitlement to an extension of time for service of the summons and complaint in the interest of justice, since they exhibited an extreme lack of diligence in attempting to effect service (*see* *Bahadur v New York State Dept. of Correctional Servs.*, 88

AD3d 629, 630 [2011]; *Varon v Maimonides Med. Ctr.*, 67 AD3d 779 [2009]), failed to demonstrate a reasonable excuse for the failure to effect timely service (*see Johnson v Concourse Vil., Inc.*, 69 AD3d 410 [2010]; *Riccio v Ghulam*, 29 AD3d at 560; *Wilkins v Burgess*, 25 AD3d 794, 795 [2006]), failed to seek an extension of time until after the defendant's motion to dismiss was made (*see Valentin v Zaltsman*, 39 AD3d 852 [2007]; *Riccio v Ghulam*, 29 AD3d at 560), and failed to demonstrate a potentially meritorious cause of action (*see Wilbyfont v New York Presbyt. Hosp.*, 131 AD3d 605, 607 [2015]; *Henig v Good Samaritan Med. Ctr.*, 301 AD2d 571 [2003]; *Leadbeater v Beaubrun*, 299 AD2d 458, 459 [2002]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against it, and denied that branch of the plaintiffs' cross application which was for leave to extend the time to serve the summons and complaint upon the defendant. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.