■ ODETTE HOURIE, Respondent, v NORTH SHORE-LONG ISLAND JEWISH HEALTH SYSTEM, INC.-LENOX HILL HOSPITAL, et al., Defendants, and ALI AL-ATTAR, M.D., Appellant. [54 NYS3d 53]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Ali Al-Attar appeals from so much of an

order of the Supreme Court, Kings County (Bunyan, J.), dated July 2, 2014, as granted the plaintiff's motion pursuant to CPLR 306 (b) for an extension of time to serve a summons with notice on him, and denied his cross motion pursuant to CPLR 306-b and 3211 (a) (8) to dismiss the complaint insofar as asserted against him for failure to timely serve a summons with notice on him.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the plaintiff's motion for an extension of time is denied, and the defendant Ali Al-Attar's cross motion to dismiss the complaint insofar as asserted against him is granted.

The plaintiff commenced this action to recover damages for medical malpractice by summons with notice filed April 26, 2013. A process server attempted to serve the summons on the defendant Ali Al-Attar (hereinafter the appellant) on July 31, 2013. The summons was returned, with the server noting that the appellant had moved. The plaintiff made no further attempt to serve the appellant. On January 8, 2014, the plaintiff moved to extend her time to serve the summons with notice on the appellant. The plaintiff attached a copy of the complaint to the motion. The appellant cross-moved to dismiss the complaint insofar as asserted against him due to the plaintiff's failure to timely serve the summons with notice on him.

In an order dated July 2, 2014, the Supreme Court granted the plaintiff's motion and denied the appellant's cross motion. The court also granted the motion of the other defendants in the action to dismiss the complaint insofar as asserted against them, on the ground that the plaintiff failed to timely serve them with a complaint.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for an extension of time and in denying the appellant's cross motion to dismiss the complaint insofar as asserted against him. The plaintiff concedes that she did not timely serve the appellant with the summons with notice. Thus, in order to establish that she was entitled to an extension of time to effect such service, the plaintiff was required to show either good cause for failing to timely serve the appellant or that an extension of time should be granted in the interest of justice (see CPLR 306-b; *Riccio v Ghulam*, 29 AD3d 558, 560 [2006]). "To establish the requisite good cause, reasonable diligence in attempting service must be shown, but the interest of justice is a broader standard, which does not require a showing of good cause, and permits the court to consider many factors" (*Spath v Zack*, 36 AD3d 410, 413 [2007];

*see* CPLR 306-b). These factors include "diligence, or lack thereof, along with any other relevant factor . . . including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]).

Here, the plaintiff failed to demonstrate that she was entitled to an extension of time to serve the appellant for good cause, as she failed to establish that she exercised reasonably diligent efforts in attempting to effect proper service (*see Hobbins v North Star Orthopedics, PLLC*, 148 AD3d 784 [2017]). Not only did the plaintiff fail to make any further attempts to serve the appellant after her first attempt was unsuccessful, as the summons was returned to her, but her complaint insofar as asserted against the other defendants was dismissed because she failed to timely serve them with a complaint. Further, the plaintiff failed to establish her entitlement to an extension of time for service in the interest of justice, as she exhibited an extreme lack of diligence in attempting to effect proper service, waited almost five months after the expiration of the 120-day period in which she was required to serve the appellant to move for the extension of time, and failed to demonstrate a potentially meritorious cause of action (*see Umana v Sofolo*, 149 AD3d 1138, 1139-1140 [2d Dept 2017]; *Valentin v Zaltsman*, 39 AD3d 852, 852 [2007]).

Therefore, the Supreme Court should have denied the plaintiff's motion and granted the appellant's cross motion. Dillon, J.P., Roman, Cohen and Miller, JJ., concur.