A.K. v T.K. (2017 NY Slip Op 04106)





A.K. v T.K.


2017 NY Slip Op 04106


Decided on May 24, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-06470
2016-06471
 (Index No. 55113/15)

[*1]A. K. (Anonymous), appellant,
v
T. K. (Anonymous), respondent.


Law Office of Yonatan S. Levoritz, P.C., Brooklyn, NY, for appellant.
Joel Borenstein, Brooklyn, NY, for respondent.



DECISION & ORDER
Appeals by the plaintiff from two orders of the Supreme Court, Kings County (Carl J. Landicino, J.), both dated May 10, 2016. The first order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate the defendant's notice of discontinuance in a prior action, to compel the defendant to accept untimely service of the plaintiff's summons and notice in another prior action, and to award her pendente lite relief retroactive to May 8, 2015. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for pendente lite maintenance only to the extent of awarding her the sum of $5,000 per month, pendente lite child support only to the extent of awarding her the sum of $2,469 per month, both retroactive to November 16, 2015, and interim counsel fees only to the extent of awarding her the sum of $75,000.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
This matrimonial action is the latest in a series of related actions involving the plaintiff wife and the defendant husband. The plaintiff commenced the first action for a divorce and ancillary relief in the Supreme Court, Kings County, by summons with notice filed April 10, 2015, but did not effectuate service until November 2015. Unaware of that pending action, the defendant commenced a second action for a divorce and ancillary relief in the Supreme Court, New York County, on April 13, 2015. The defendant then discontinued the second action at the plaintiff's urging and commenced a new action (hereinafter the third action) for a divorce and ancillary relief in the Supreme Court, Kings County, on May 4, 2015. The parties filed motions, made appearances, and obtained several temporary orders in the third action. Among those motions was the plaintiff's May 8, 2015, motion for pendente lite maintenance and child support. On November 2, 2015, before the court issued any order on the plaintiff's motion for pendente lite relief, the defendant discontinued the third action by notice pursuant to CPLR 3217(a). The defendant thereafter commenced a non-dissolution custody action against the plaintiff in New Jersey, which was dismissed when that court learned that the plaintiff had returned to Brooklyn with the parties' child. Meanwhile, the plaintiff commenced this action for a divorce and ancillary relief in the Supreme [*2]Court, Kings County, on November 5, 2015.
The plaintiff made two motions in this action leading to the orders on appeal. First, applying several different CPLR provisions and principles in equity, the plaintiff, among other things, sought to relate this action back to filings in the first and third actions, primarily to have any pendente lite award apply retroactively to the date of her request in the third action rather than the date of her request in this action. Second, the plaintiff moved for pendente lite maintenance in the sum of $9,461.10 per month, pendente lite child support in the sum of $5,961.25 per month, and counsel fees in the sum of $150,000. The Supreme Court denied the plaintiff's first motion in one order, and in a separate order awarded the plaintiff pendente lite maintenance and child support retroactive to the plaintiff's request in this action in amounts lower than the she requested. The court also awarded the plaintiff only $75,000 in counsel fees. The plaintiff appeals from both orders. We affirm the orders insofar as appealed from.
The Supreme Court properly declined to vacate the defendant's notice of discontinuance in the third action. Under CPLR 3217(a), a party may voluntarily discontinue an action without a court order by "serving upon all parties to the action a notice of discontinuance at any time before a responsive pleading is served or, if no responsive pleading is required, within twenty days after service of the pleading asserting the claim" (CPLR 3217[a][1]). "Where no pleadings have been served . . . the plaintiff has the absolute and unconditional right' to discontinue the action by serving a notice of discontinuance upon the defendant without seeking judicial permission" (Tutt v Tutt, 61 AD3d 967, 967-968, quoting Battaglia v Battaglia, 59 NY2d 778, 779; see Giambrone v Giambrone, 140 AD2d 206, 207-208). Here, neither a complaint nor a responsive pleading was ever served in the third action, thereby preserving the absolute and unconditional right to discontinue by serving notice (see Newman v Newman, 245 AD2d 353, 354).
The Supreme Court also providently exercised its discretion in declining to compel the defendant to accept untimely service of the plaintiff's summons and notice in the first action. "Pursuant to CPLR 306-b, a court may, in the exercise of its sound discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice" (Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 103-106; Bumpus v New York City Tr. Auth, 66 AD3d 26, 31-32). "Good cause will not exist where a plaintiff fails to make any effort at service" (Bumpus v New York City Tr. Auth, 66 AD3d at 32, citing Valentin v Zaltsman, 39 AD3d 852). "In determining whether an extension of time is warranted in the interest of justice, a court may consider, inter alia, diligence, or lack thereof, . . . expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (Matter of Baumann & Sons Buses, Inc. v Ossining Union Free Sch. Dist., 121 AD3d 1110, 1113, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Thompson v City of New York, 89 AD3d 1011, 1012). Here, the plaintiff made no effort at timely service, and the defendant's litigation tactics and alleged misrepresentations did not warrant an extension of time in the interest of justice (see Brown v Sanders, 142 AD3d 940, 940-941).
In light of the foregoing, the Supreme Court also correctly determined that the pendente lite awards should apply retroactively to the plaintiff's application for such relief in this action. A party's temporary maintenance and temporary child support obligations are "retroactive to the date of the first application therefor" (Bernstein v Bernstein, 143 AD2d 168, 170; see Wald v Wald, 44 AD3d 848, 849-850; Darema-Rogers v Rogers, 268 AD2d 455, 456). Here, the plaintiff's only applications for pendente lite relief consisted of her November 16, 2015, order to show cause in this action and her May 8, 2015, order to show cause in the discontinued third action. "When an action is discontinued, it is as if it had never been; everything done in the action is annulled and all prior orders in the case are nullified" (Newman v Newman, 245 AD2d 353, 354). The plaintiff's May 8, 2015, order to show cause was annulled upon the defendant's discontinuance of the third action, meaning that the plaintiff's request in this action was, in effect, her first such request (see id. at 353-354; cf. Mesholam v Mesholam, 11 NY3d 24, 28-29).
" Pursuant to Domestic Relations Law § 237(a), a court in a divorce action may award [*3]counsel fees to a spouse to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and the respective parties'" (Samimi v Samimi, 134 AD3d 1010, 1012, quoting Aloi v Simoni, 82 AD3d 683, 686; see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Baron v Baron, 71 AD3d 807, 810). Although the amount of the award is a matter within the discretion of the Supreme Court, in seeking an award of attorneys' fees, an attorney must submit documentation showing the legal services performed, such as time records or a breakdown of services, and the time spent on each service (see Marshall v Marshall, 1 AD3d 323, 324; Reynolds v Reynolds, 300 AD2d 645, 646). Here, based on the documentation submitted by the plaintiff, the Supreme Court providently exercised its discretion in awarding her only $75,000 of the $150,000 she requested (see Lieberman-Massoni v Massoni, 146 AD3d 869, 869-870; Ashmore v Ashmore, 92 AD3d 817, 819-820).
" Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires'" (Yerushalmi v Yerushalmi, 136 AD3d 809, 811, quoting Dowd v Dowd, 74 AD3d 1013, 1014). Any perceived inequities in pendente lite maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (see Dowd v Dowd, 74 AD3d at 1014; Swickle v Swickle, 47 AD3d 704, 705). Here, the plaintiff has not demonstrated the existence of exigent circumstances warranting a modification of the pendente lite maintenance and child support awards (see Tzu Ching Kao v Bonalle, 145 AD3d 703, 704).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court