Jung Hun Cho v Bovasso (2018 NY Slip Op 08015)





Jung Hun Cho v Bovasso


2018 NY Slip Op 08015


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-04508
 (Index No. 150833/15)

[*1]Jung Hun Cho, appellant,
v
Lainee Bovasso, et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Dennis C. Bartling (Russo & Tambasco, Melville, NY [Yamile R. Al-Sullami], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated November 22, 2016. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint for lack of personal jurisdiction, directed that the complaint be dismissed, and, in effect, denied the plaintiff's cross motion pursuant to CPLR 306-b for leave to extend his time to serve the summons and complaint.
ORDERED that the order is affirmed, with costs.
On September 27, 2012, the plaintiff allegedly sustained injuries in a motor vehicle collision involving the motor vehicle he was operating and a vehicle operated by the defendant Lainee Bovasso and owned by her husband, the defendant John J. Rapawy. The plaintiff commenced this action to recover damages for personal injuries by filing a summons and complaint on September 10, 2015. On March 24, 2016, the plaintiff's process server delivered two copies of the summons and complaint to Bovasso, one for Bovasso and the other for Rapawy, at the defendants' home address, which was listed on the summons. That date of service was more than 120 days following the filing of the summons and complaint (see CPLR 306-b), and after the applicable statute of limitations had expired (see CPLR 214[5]). The process server then mailed an additional copy to Rapawy to that same address the next day.
In June 2016, the defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint for lack of personal jurisdiction and as time-barred. In September 2016, the plaintiff cross-moved pursuant to CPLR 306-b for leave to extend his time to serve the summons and complaint upon the defendants. The Supreme Court granted the defendants' motion and, in effect, denied the plaintiff's cross motion.
Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). "Good [*2]cause will not exist where a plaintiff fails to make any effort at service or fails to make at least a reasonably diligent effort at service" (Bumpus v New York City Tr. Auth., 66 AD3d at 32 [citations omitted]). "If good cause for an extension is not established, courts must consider the interests of justice' standard of CPLR 306-b" (id. [internal quotations marks omitted]). Under the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Bumpus v New York City Trans. Auth., 66 AD3d at 32).
Here, the plaintiff failed to demonstrate "good cause" for an extension of time, as he did not show that any effort was made to timely serve the defendants during the 120-day period following the filing of the summons and complaint (see A.K. v T.K., 150 AD3d 1091, 1093; Umana v Sofola, 149 AD3d 1138, 1139; Calloway v Wells, 79 AD3d 786, 787; see also Silvering v Sunrise Family Med., P.C., 161 AD3d 1021; Holbeck v Sosa-Berrios, 161 AD3d 957). The plaintiff's submissions were insufficient to substantiate his attorney's claim that his office had engaged a process server after filing the summons and complaint to serve them upon the defendants and that the process server simply failed to do so within the applicable 120-day time period and neglected to advise the plaintiff's counsel. Moreover, the plaintiff did not demonstrate that any attempt had been made during the 120-day period to actually serve the defendants at their home address, which was their address at the time of the accident and which was listed on the summons.
In addition, the plaintiff failed to establish his entitlement to an extension of time for service of the summons and complaint in the interest of justice (see Hourie v North Shore-Long Is. Jewish, 150 AD3d 707, 709; Umana v Sofola, 149 AD3d at 1139-1140; Brown v Sanders, 142 AD3d 940, 941; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 607; Redman v South Is. Orthopaedic Group, P.C., 78 AD3d 1147, 1148). The plaintiff did not exercise diligence in serving the defendants or in moving for leave to extend the time to do so, having waited almost a year after the statute of limitations had expired to cross-move for such relief, and only after the defendants first moved to dismiss the complaint. Moreover, the defendants had no notice of the plaintiff's claim or this action until March 2016, after the statute of limitations had expired. Further, the plaintiff made no showing that his cause of action had merit, since he did not submit an affidavit of merit, a personally verified complaint, or any sworn statements or certified records bearing on the merits in support of his cross motion.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion to dismiss the complaint and, in effect, denying the plaintiff's cross motion for leave to extend the time to serve the summons and complaint.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court