Matter of Pasanella v Quinn (2018 NY Slip Op 09028)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Pasanella v Quinn

2018 NY Slip Op 09028

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Friedman, J.P., Sweeny, Kapnick, Kahn, JJ.


7950N 650198/12

[*1] In re Marco Pasanella, et al., Petitioners-Appellants,
vJames Quinn, Respondent-Respondent, Q Wines, LLC, Respondent.

Law Office of Ernest H. Gelman, New York (Ernest H. Gelman of counsel), for appellants.
Sher Tremonte LLP, New York (Mark Cuccaro of counsel), for respondent.

Order, Supreme Court, New York County (Anil C. Singh, J.), entered June 1, 2017, which denied petitioners' motion to reargue respondent Quinn's cross motion to dismiss the petition for lack of jurisdiction (denominated a motion to vacate the dismissal order) or, in the alternative, for an extension of time to serve, unanimously affirmed, without costs, as to the denial of the part of the motion seeking an extension of time to serve, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable order.
Although denominated a motion to vacate, petitioners' motion is in fact a motion to reargue respondent's cross motion
to dismiss the petition (see Johnson v Banner Intl. Corp., 125 AD3d 498 [1st Dept 2015]). No appeal lies from the denial of a motion for reargument.
Given petitioners' failure to explain why they waited more than three years after the validity of service on Quinn was placed in issue to seek an extension of time to serve him, we find that the interests of justice do not require that they be afforded additional time for service (see Jakobleff v Jakobleff, 108 AD2d 725 [2d Dept 1985]; Umana v Sofola, 149 AD3d 1138, 1139-1140 [2d Dept 2017]).
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK