Deutsche Bank Natl. Trust Co. v Campbell (2019 NY Slip Op 04134)





Deutsche Bank Natl. Trust Co. v Campbell


2019 NY Slip Op 04134


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-03309
 (Index No. 51619/17)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Jeanette R. Campbell, etc., et al., defendants, 31 Yates Avenue Land Trust, etc., respondent.


McCabe, Weisberg & Conway, LLC (Greenberg Traurig, LLP, New York, NY [Patrick G. Broderick], of counsel), for appellant.
Zerilli & Associates, P.C., Yonkers, NY (Robert F. Zerilli of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated January 31, 2018. The order granted the motion of the defendant 31 Yates Avenue Land Trust pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it, and denied the plaintiff's cross motion to ratify service of process upon that defendant or, in the alternative, to extend the time to serve that defendant.
ORDERED that the order is affirmed, with costs.
The plaintiff filed the summons and complaint in this mortgage foreclosure action with the Clerk of the Supreme Court, Dutchess County, on July 7, 2017. The defendant 31 Yates Avenue Land Trust (hereinafter the Trust) interposed an answer dated August 31, 2017. Thereafter, on or about October 30, 2017, the Trust moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. The plaintiff cross-moved to ratify service of process upon the Trust or, in the alternative, to extend the time to effectuate service upon the Trust. The Supreme Court granted the Trust's motion and denied the plaintiff's cross motion. The plaintiff appeals.
We agree with the Supreme Court's determination that the plaintiff failed to properly effectuate service upon the Trust. In a mortgage foreclosure action, service of a summons and complaint upon a duly qualified trustee constitutes "sufficient service upon the trust estate and upon all persons who are or may become entitled to a beneficial interest in the property or an undivided share thereof or in the proceeds of sale thereof and all remaindermen who are or may become entitled to the reversion, remainder or inheritance of the property or the proceeds of sale thereof either before or after the termination of said trust" (RPAPL 1312[1]). Service of process upon a trustee is governed by the provisions of CPLR 308 (see MLG Capital Assets v Eidelkind Trust, 283 AD2d 619, 621). Here, the record contained no affidavit from a process server as to any attempt to serve the trustee. Further, any evidence as to attempts to serve the attorney for the Trust did not establish proper service, as the record demonstrated that the attorney was not authorized to accept service of process on behalf of the Trust and, indeed, expressly rejected the attempted service of process. [*2]"When the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents" (Raschel v Rish, 69 NY2d 694, 697; see Josephs v AACT Fast Collections Servs., Inc., 155 AD3d 1010, 1012; County of Nassau v Letosky, 34 AD3d 414, 415). Therefore, the plaintiff failed to establish that it properly effectuated service of process upon the Trust.
Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104; Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31). "Good cause will not exist where a plaintiff fails to make any effort at service, or fails to make at least a reasonably diligent effort at service" (Bumpus v New York City Tr. Auth., 66 AD3d at 32 [citation omitted]; see Jung Hun Cho v Bovasso, 166 AD3d 868). Here, the plaintiff did not submit an affidavit from a process server as to any attempt at service of process upon the trustee during the 120-day period following the filing of the summons and complaint, and the affirmation of the plaintiff's attorney was not based on his personal knowledge as to the circumstances of any attempted service of process. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in finding that good cause for an extension of time was not shown (see Jung Hun Cho v Bovasso, 166 AD3d 868; A.K. v T.K., 150 AD3d 1091, 1093; Umana v Sofola, 149 AD3d 1138, 1139; Calloway v Wells, 79 AD3d 786, 787).
"If good cause for an extension is not established, courts must consider the interest of justice' standard of CPLR 306-b" (Bumpus v New York City Tr. Auth., 66 AD3d at 32). In considering whether the interest of justice warrants an extension of time for service, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Bumpus v New York City Tr. Auth., 66 AD3d at 32). As the Supreme Court found, the plaintiff did not exercise diligence in moving for leave to extend the time to serve the Trust. In addition, the plaintiff failed to establish the existence of a potentially meritorious cause of action against the Trust. The complaint did not set forth details as to the cause of action against the Trust, specifically, and the plaintiff's motion papers failed to detail its purported cause of action against the Trust.
Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff's cross motion, inter alia, to extend the time to serve the Trust (see CPLR 306-b; Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 709; Umana v Sofola, 149 AD3d at 1139-1140; Brown v Sanders, 142 AD3d 940, 941; Wilbyfont v New York Presbyt. Hosp., 131 AD3d 605, 607; Redman v South Is. Orthopaedic Group, P.C., 78 AD3d 1147, 1148).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court