Feng Li v Peng (2021 NY Slip Op 00420)





Feng Li v Peng


2021 NY Slip Op 00420


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2019-04924
 (Index No. 704246/18)

[*1]Feng Li, appellant, 
v
Diana Peng, etc., et al., respondents.


Feng Li, New York, NY, appellant pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, abuse of process, prima facie tort, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered February 14, 2019. The order denied the plaintiff's motion pursuant to CPLR 306-b to extend the time for service of the summons and complaint.
ORDERED that the order is affirmed, without costs and disbursements.
The defendants are former clients and the representatives of the estates of former clients (hereinafter collectively the clients) of the plaintiff. In 2005, the plaintiff was retained by the clients to prosecute a fraud action against Fabian A. Sy, among others, in the Supreme Court, Queens County, which had been commenced by other counsel in 1990. In March 2008, the court, after a nonjury trial, entered a judgment in favor of the clients in the principal sum of approximately $3.4 million (hereinafter the Sy judgment). In April 2008, after filing a turnover motion, the plaintiff obtained an additional sum of approximately $525,000 (hereinafter the Rabine funds) on behalf of the clients that had been held by another attorney, Joel Rabine. After the Rabine funds were released to the plaintiff, a dispute arose between the plaintiff and the clients as to the calculation of the plaintiff's legal fee. In late August 2009, while the fee dispute was still unresolved, the plaintiff disbursed approximately $1.2 million of the amount collected on behalf of the clients to himself and remitted the remaining amount, approximately $2.8 million, to the clients.
On or about September 11, 2009, the clients commenced an action against the plaintiff in the Superior Court of New Jersey, Middlesex County, seeking a judgment declaring the amount of legal fees owed to the plaintiff. In August 2010, the Grievance Committee for the Ninth Judicial District filed a petition against the plaintiff in New York, inter alia, for misappropriating the clients' funds, and in January 2011, a similar ethics complaint was filed against the plaintiff in New Jersey. By order dated May 21, 2013, the Supreme Court of New Jersey disbarred the plaintiff. On September 30, 2014, the plaintiff commenced an action in the Supreme Court, Queens County, inter alia, for a judgment declaring that he was entitled to the full amount of the funds he had disbursed to himself in August 2009 (see Feng Li v Peng, 161 AD3d 823, 825). On February 12, 2015, the Superior Court of New Jersey, Middlesex County, entered a final judgment in favor of the clients and against the plaintiff in the amount of approximately $1 million. In an order entered July 6, 2015, the Supreme Court, Queens County, directed dismissal of the plaintiff's complaint as barred by the doctrine of collateral estoppel. By order dated March 22, 2017, this Court suspended the plaintiff [*2]from the practice of law in New York for a period of three years (see Matter of Feng Li, 149 AD3d 238). This Court found that the plaintiff had misappropriated the Rabine funds and a portion of the Sy judgment (see id. at 253).
On March 21, 2018, the plaintiff, pro se, commenced this action against the clients in the Supreme Court, Queens County, inter alia, to recover damages for malicious prosecution, abuse of process, prima facie tort, and intentional infliction of emotional distress. The plaintiff failed to serve the clients within 120 days after the commencement of the action, allegedly because his process server was unable to locate the clients in New York State. By notice of motion dated August 7, 2018, the plaintiff moved pursuant to CPLR 306-b to extend the time for service of the summons and complaint. Thereafter, in September and October 2018, the clients were served by personal delivery or substituted service in New York, New Jersey, Ohio, and Nevada. The court denied the plaintiff's motion, and the plaintiff appeals.
"An extension of time for service is a matter within the court's discretion" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101; see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 743). Such a motion may be granted "upon good cause shown or in the interest of justice" (CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 104-105; Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743). To establish the requisite good cause, reasonable diligence in attempting service must be shown, but the interest of justice is a broader standard, which does not require a showing of good cause, and permits the court to consider many factors (see Butters v Payne, 176 AD3d 1028; Hourie v North Shore-Long Is. Jewish Health Sys., Inc.-Lenox Hill Hosp., 150 AD3d 707, 708).
Here, the plaintiff failed to show good cause, as he did not exercise reasonable diligence in attempting service. The plaintiff failed to substantiate his claim that his process server was unable to locate the clients in New York, through affidavits of due diligence or attempted service, or evidence of various records searches (see Umana v Sofola, 149 AD3d 1138, 1139; cf. Wilmington Sav. Fund Socy., FSB v James, 174 AD3d 835, 836; Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085). Notably, the plaintiff, an attorney, claimed to have waited until the last month of the 120-day statutory service period before hiring a professional process server, even though the one-year statute of limitations (see CPLR 215[3]) had expired within a few days of commencement of the action, and he did not perform a records search until after the 120-day service period expired (see Johnson v Concourse Vil., Inc., 69 AD3d 410).
Further, the plaintiff did not establish that an extension of time was warranted in the interest of justice. "Unlike an extension request premised on good cause, a plaintiff [seeking an extension in the interest of justice] need not establish reasonably diligent efforts at service as a threshold matter" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). "However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the [potentially] meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (id. at 105-106; see BAC Home Loans Servicing, L.P. v Herbst, 180 AD3d 980, 981).
Here, the plaintiff exhibited an extreme lack of diligence in commencing the action, as the summons and complaint were filed one day prior to the expiration of the statute of limitations (see Butters v Payne, 176 AD3d at 1029; Brown v Sanders, 142 AD3d 940), and failed to demonstrate reasonably diligent efforts at service (see Bahadur v New York State Dept. of Correctional Servs., 88 AD3d 629, 630; Varon v Maimonides Med. Ctr., 67 AD3d 779). He also failed to demonstrate a potentially meritorious cause of action (see Feng Li v Peng, 161 AD3d 823; Matter of Feng Li, 149 AD3d 238). Moreover, the plaintiff failed to demonstrate lack of prejudice to the clients, as there was no showing that any of the clients had notice of the action prior to service of the summons and complaint over six months after the expiration of the statute of limitations (see Slate v Schiavone Constr. Co., 4 NY3d 816, 817; Leader v Maroney, Ponzini & Spencer, 97 NY2d at 107; Redman v South Is. Orthopaedic Group, P.C., 78 AD3d 1147, 1148). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for an extension [*3]of time for service of process.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court