21-1997-cv
*Feng Li v. Dillon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-two.

Present:    DEBRA ANN LIVINGSTON,
                 *Chief Judge*,
            JOSÉ A. CABRANES,
            MICHAEL H. PARK,
                 *Circuit Judges*.

---

FENG LI,

                 *Plaintiff-Appellant*,

       v.                                                          21-1997-cv

MARK C. DILLON, SYLVIA O. HINDS-RADIX, BETSY BARROS, and PAUL WOOTEN, in their official capacities as Associate Justices of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department; and SUPREME COURT OF THE STATE OF NEW YORK,

                 *Defendants-Appellees*.[1]

---

For Plaintiff-Appellant:               FENG LI, *pro se*, New York, NY.

For Defendants-Appellees:              No appearance.

---

[1] The Clerk of Court is directed to amend the official caption as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Feng Li ("Li"), a suspended attorney proceeding *pro se*, brings claims for declaratory and injunctive relief under 42 U.S.C. § 1983 against four Associate Justices of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, in their official capacities (collectively, the "Justices"), and the Supreme Court of the State of New York (together with the Justices, the "Defendants"). Li alleges that the Justices violated his due process rights under the United States Constitution and his rights under the New York State Constitution when, in a decision issued January 27, 2021, *Feng Li v. Peng* (*2021 Decision*), 190 A.D.3d 950 (N.Y. 2d Dep't 2021), the Justices stated that a previous decision of the Second Department, *In re Feng Li* (*2017 Decision*), 149 A.D.3d 238 (N.Y. 2d Dep't 2017), had "found that [Li] had misappropriated the Rabine funds and a portion of the Sy judgment." *2021 Decision*, 190 A.D.3d at 951. Li requests declaratory relief in connection with that statement and "prospective injunctive relief" in the form of a "name-clearing" hearing. App'x 19–20. The district court dismissed Li's complaint *sua sponte* as frivolous, holding that the Justices are immune from suit under the doctrine of judicial immunity. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

The district courts have inherent power to *sua sponte* dismiss a complaint as frivolous, even

2

when, as here, the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). Although we have not previously decided whether a district court's *sua sponte* dismissal of a complaint as frivolous is reviewed *de novo* or for abuse of discretion, the district court's decision in this case "easily passes muster under the more rigorous *de novo* review." *Id.* at 364 n.2. A complaint is frivolous when "(1) the factual contentions are clearly baseless, . . . or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). Although a court is ordinarily obligated to afford "special solicitude" to *pro se* litigants, "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010); *see also United States v. Daugerdas*, No. 21-605, 2022 WL 274226, at *2 n.2 (2d Cir. Jan. 31, 2022) (summary order) (declining to extend the "special solicitude" to a disbarred attorney).

We agree with the district court that Li's complaint is frivolous, although we reach that conclusion for a different reason.[2] It is unnecessary to examine the question of whether the Justices are entitled to immunity from suit because the factual contention at the heart of Li's complaint is frivolous on its face. The 2021 Decision described the 2017 Decision as having concluded that Li "misappropriated" certain client funds. *2021 Decision*, 190 A.D.3d at 951. Although the 2017 Decision conceded that the evidence regarding Li's alleged misappropriation was "conflicting," *2017 Decision*, 149 A.D.3d at 253, the Appellate Division expressly affirmed that there was "no infirmity of proof as to the finding that [Li] misappropriated the Rabine funds"

---

[2] We may affirm on any grounds with support in the record, "including grounds upon which the district court did not rely." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

and that "it cannot be said that there was an infirmity of proof that [Li] misappropriated . . . a portion of the Sy judgment." *Id.* The 2017 Decision thus concluded that Li's "second defense," that is, "that he did not misappropriate the Rabine funds because the Rabine funds were awarded as part of the Sy judgment," "ha[d] not been established." *Id.* at 252–53. The 2021 Decision therefore faithfully described the 2017 Decision's conclusion with respect to whether Li had "misappropriated" certain funds.

Nothing in the United States Constitution or the New York State Constitution prohibits a court from accurately relating the findings of a previous panel. Li cannot circumvent the rule against frivolous filings by evoking the phrase "due process" in talismanic fashion. Li's complaint is frivolous on its face, and the district court did not err in so holding.

We have considered Li's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4